**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

WILLIAM RODRIGUEZ,

    Plaintiff,

v.                                          Case No.  8:08-CV-325-T-30MAP

CASSON-MARK CORPORATION,

    Defendant.
_____/

# ORDER

THIS CAUSE comes before the Court upon Defendant's Motion to Dismiss Count III of Plaintiff's Complaint (Dkt. 6) and Plaintiff's opposition thereto (Dkt. 7). Plaintiff is proceeding on a civil rights complaint. The Court, having considered Defendant's motion, Plaintiff's response and memoranda, and being otherwise advised in the premises, determines that Defendant's motion should be denied.

**Standard of Review**

To warrant dismissal of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, it must be "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Blackston v. State of Alabama, 30 F.3d 117, 120 (11th Cir. 1994), quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). Determining the propriety of granting a motion to dismiss requires courts to accept all the factual allegations in the complaint as true and to evaluate all inferences derived from those facts in the light most favorable to the plaintiff. See Hunnings v. Texaco, Inc., 29 F.3d 1480, 1484 (11th Cir. 1994). The threshold of sufficiency that a complaint must meet to survive a motion

to dismiss is exceedingly low. See Ancata v. Prison Health Servs., Inc., 769 F.2d 700, 703 (11th Cir. 1985). "Unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," the complaint should not be dismissed on grounds that it fails to state a claim upon which relief may be granted. Sea Vessel, Inc. v. Reyes, 23 F.3d 345, 347 (11th Cir. 1994).

## Discussion[5]

Plaintiff, a male of Puerto Rican descent experienced in cellular phone tower repairs, was employed by Defendant in August 2007 as a technician. Conduct Plaintiff viewed as harassing began shortly after he began working for Defendant. In late October 2007, Plaintiff suffered a workplace injury that restricted his ability to perform his normal duties. Defendant accommodated Plaintiff's condition by assigning him "light duty work" for several months, but the harassment continued.

Believing that he was the target of racial discrimination in the workplace but afraid to bring the matter to the attention of corporate personnel for fear he might lose his job, Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC"). When the company learned of the EEOC complaint, Plaintiff's supervisor asked him to sign a document relevant to the EEOC investigation that, in Plaintiff's opinion, contained false statements regarding the events that occurred in the workplace that culminated in the EEOC filing. When Plaintiff objected to the content of the statement and refused to sign it, he was informed by Paul Casson, then president of Casson-Mark Corporation, that it no longer had light duty work for him, so he should go home. As Plaintiff walked out of the room, Mr.

---

[5] Since Plaintiff is the nonmovant, all factual allegations in the complaint are taken as true and all inferences derived from those facts are taken in the light most favorable to Plaintiff. See Hunnings v. Texaco, Inc., 29 F.3d at 1484.

Casson told him that "until this [EEOC matter] is resolved, don't bother coming back to work."

Plaintiff initiated this cause of action by filing a three-count complaint against Defendant alleging claims of racial discrimination, harassment, and retaliation under 42 U.S.C. § 1981 and (2) a claim under the Florida Whistleblower Act[6] ("FWA") alleging that Defendant terminated him in retaliation for his opposition and objections to Defendant's alleged violations of 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1964, as amended, the Florida Civil Rights Act of 1992 ("FCRA"), and Executive Order 11246.[7] Defendant moves to dismiss Plaintiff's FWA claim on grounds that it is, as a matter of law, preempted by the more specific federal and state laws dealing with anti-retaliation, to wit, Title VII, 42 U.S.C. § 1981, and the FCRA.

It is not necessary to prove discrimination in a claim under the FWA because the objectives of federal anti-discrimination statutes are not the same as those of the Florida whistle-blower legislation.[8] See Terrell v. AmSouth Investment Services, Inc., 217 F.Supp.2d

---

[6]The Florida legislature has enacted two whistle-blower statutes – one that protects public-sector employees and one that protects private-sector employees. The public-sector act specifically prevents independent contractors as well as agencies from taking retaliatory action against employees who report violations of law on the part of the agency or independent contractors of the agency. See Fla. Stat. § 112.3187(2). The private-sector act prevents employers from taking retaliatory action against an employee who threatens to disclose or who discloses to an appropriate governmental agency any practices of the employer that are in violation of a law, rule, or regulation. See Fla. Stat. § 448.102(1). "Employer," for the purposes of the private-sector act, "means any private individual, firm, partnership, institution, corporation, or association that employs ten or more persons." Fla. Stat. § 448.101(3). Since Defendant is a private corporation rather than a government agency, unless indicated otherwise, references to the FWA refer to the private-sector act, Fla. Stat. § 448.102.

[7]Enacted in 1965, Executive Order 11246, 30 Fed. Reg. 12319 (1965), states that, with a few exceptions not applicable here, all government contracts shall include a clause requiring the party contracting with the government to take affirmative action to increase the hiring of members of racial minorities and other traditionally disadvantaged groups.

[8]Subsection 3 of the FWA renders an employer liable to an employee for retaliatory personnel action based upon an employee's objection to, or refusal to participate in, any activity, policy, or practice of the employer that is in violation of "a law, rule, or regulation." See § 448.102(3). Subsection 4 of the FWA provides that a "law, rule, or regulation includes any statute or ordinance or any rule or regulation adopted pursuant to any *federal*, state, or local statute or ordinance applicable to the employer and pertaining to the business." Fla. Stat. § 448.101(4) (emphasis

1233, 1236 (M.D. Fla. 2002) ("A whistle-blower claim contains no element of proof of sex, race, color, national origin, religion, age, or disability-based discrimination. A whistle-blower claim is totally retaliatory in nature."); Rice-Lamar v. City of Fort Lauderdale, 853 So.2d 1125 (Fla. 4th DCA 2003) (elements of a plaintiff's claim under the FWA are distinct from elements required to establish an employee's federal discrimination claims). To the contrary, the FWA was enacted to protect private employees who report or refuse to assist employers who violate laws enacted to protect the public. See Golf Channel v. Jenkins, 752 So.2d 561, 562 (Fla. 2000) (citation omitted).

     Anti-discrimination statutes such as Title VII are, on the other hand, designed to eradicate discrimination against persons in the workplace on the basis of race, color, sex, national origin, and religion. While the facts giving rise to a plaintiff's claim under the FWA and federal discrimination statutes may be the same, the issues are entirely different. Rice-Lamar, 853 So.2d at 1132; see also Rice-Lamar v. City of Fort Lauderdale, 54 F.Supp. 2d 1137 (S.D. Fla. 1998) (federal discriminatory action alleging plaintiff was reprimanded, suspended, and discharged based on her race and gender and retaliated against because of her protected speech under the First Amendment); Gray v. Webco General Partnership, 36 F.Supp.2d 1331 (M.D. Fla. 1999) (Title VII retaliation claim did not preempt same claim under state law). Considered to be in accord with the goals and provisions of Title VII, the FWA is not preempted by it. Thus, a federal claim for retaliation under Title VII and a state claim for retaliation under FWA can be maintained simultaneously. Since Plaintiff's right to relief under the FWA does not depend upon federal law, Plaintiff's retaliatory termination claim is independently actionable.

---

added). See also El Toro Exterminator of Florida, Inc. v. Cernada, 953 So.2d 616 (Fla. 3d DCA 2007) (violations of county ordnance and administrative code are sufficient to support claim under Fla. Stat. 448.102(3)).

As to Defendant's request that the Court strike Plaintiff's demand for a jury trial on his FWA claim (Count III), the Court finds Defendant's argument unpersuasive. While a jury trial right is not expressly provided for in the FWA, such a right may be implied or secured under the Seventh Amendment,[9] see U.S. Const. amend. VII, which extends to legislatively-created actions. See Chauffeurs, Teamsters and Helpers, Local No. 391 v. Terry, 494 U.S. 558 (1990).

Likewise, the Florida Constitution provides that "[t]he right of trial by jury shall be secure to all and remain inviolate." Fla. Const. art. 1, § 22. In Florida courts, "[a]ny uncertainty as to whether the right to a jury trial exists should be resolved in favor of allowing a jury trial." See Hollywood Inc. v. City of Hollywood, 321 So.2d 65 (Fla. 1975). Defendant fails to cite any controlling law to the contrary on this issue.

The Court finds the following cases, several of which were cited by Plaintiff in his opposition to Defendant's motion, instructive: Smith v. HCA, Inc., 2005 WL 1866395 (M.D.Fla. July 26, 2005) (finding that there is a right to a jury trial for claims under the FWA, the court denied the defendant's motion to strike the plaintiff's jury demand); Erwin v. School Board of Hillsborough Co., Case No. 8:02-CV-2284 (M.D. Fla. May 8, 2003) (order denying motion to strike jury trial demand under the public-sector FWA);[10] Irven v.

---

[9] "In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved." U.S. Const. amend. VII.

[10] Florida's public- and private-sector Whistleblower's Acts are substantially similar – neither Act expressly addresses the right to a jury trial; both Acts refer to relief which can be granted by a court; and both Acts address similar types of claims and provide for the award of compensatory damages for violations. See Fla. Stat. §§ 112.3187-112.31895 (public-sector act); Fla. Stat. § 448.101 et seq. (private-sector act). Because the public and private sector Acts are similar, Florida courts interpret them consistently. See O'Neal v. Florida A & M University ex rel. Bd. of Trustees for Florida A & M University, 2008 WL 2276307, *2 (Fla. 1st DCA June 5, 2008) (discussing the right to a jury trial under both the private- and public-sector FWAs, the court found that "a right to compensation for wages lost on account of wrongful termination of employment is a right 'of the sort traditionally enforceable in an action at law,'" reversed the judgment entered after a non-jury trial, and remanded the matter with directions to the trial court to reinstate the plaintiff's demand for trial by jury); Tracey-Meddoff v. J. Altman Hair & Beauty Centre, Inc., 899 So.2d 1167, 1168 (Fla. 4th DCA 2005).

Dep't. of Health and Rehabilitative Svcs., 790 So.2d 403 (Fla. 2001) (remanding case brought under the public-sector FWA for reinstatement of the jury verdict); Guess v. City of Miramar, 889 So.2d 840 (Fla. 4th DCA 2005) (finding that the trial court properly submitted to the jury issues arising under the public-sector FWA, the court affirmed the final judgment despite the claim that certain FWA issues should not have gone to the jury); Rosa v. Department of Children & Families, 915 So.2d 210 (Fla. 1st DCA 2005) (finding that the issue of whether a letter sent by an employee was a complaint under the public-sector FWA was an issue for the jury, the state appellate court reinstated the jury's verdict); Stephenson v. PCMD Management, Inc., 2006 WL 3422573 (Fla. 10th Cir. Ct. Nov. 16, 2006). See also Orvis v. Caulkins Indiantown Citrus Co., 861 So.2d 1181, 1182 (Fla. 4th DCA 2004) (jury trial granted for plaintiff's one-count claim under private-sector FWA); City of Hollywood v. Witt, 789 So.2d 1130, 1132 (Fla. 4th DCA 2001) (claim under public-sector FWA submitted to the jury for determination); Costa v. School Board of Broward County, 701 So.2d 414, 415 (Fla. 4th DCA 1997) (jury verdict reached on claims brought under public-sector FWA and federal whistle-blower statute).

Defendant cites three older Florida circuit court opinions which held differently: Lomax v. Correctional Services Corp., Case No. 2000CA-1372 (Fla. 10th Jud. Cir. Ct., Polk Co. 2000); Bevitori v. Kash N' Karry Food Stores, Inc., Case No. 20007292-CV-DIV-A (Fla. 12th Jud. Cir. Ct., Sarasota Co. 2000)], and Reid v. Black & Decker (USA), Inc., Case No. 000-3658 Division E (Fla. 13th Jud. Cir. Ct. Hillsborough Co. 2000). Defendant failed, however, to provide the Court a copy of these unpublished decisions, and as Plaintiff points out, the holdings in two of these three cases have been expressly rejected by more recent Florida circuit court cases. See, e.g., McKerns v. WCI Communities Inc., 2006 WL 1010505, at *2 (Fla. 15th Jud. Cir. Palm Beach Co. 2006).

Finally, since Plaintiff's FWA claim rests on the same factual predicate as his remaining claims, holding both a bench trial and a jury trial over the same factual background would waste the Court's resources. See <u>Smith v. HCA, Inc.</u>, 2005 WL 1866395, at *10.

It is therefore **ORDERED and ADJUDGED** that the Motion to Dismiss Count III of Plaintiff's Complaint (Dkt. 6) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on July 28, 2008.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

<u>Copies furnished to:</u>
Counsel/Parties of Record

S:\Odd\2008\08-cv-325 Deny MTD.wpd